[NOT FOR PUBLICATION – NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit
_____

No. 00-1953

UNITED STATES,

Appellee,

v.

LUIS SANTANA-MENDOZA,

Defendant, Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]
_____

Before

Boudin, Chief Judge,
Kravitch,* Senior Circuit Judge,
and Lynch, Circuit Judge.

_____

Laura Maldonado-Rodriguez for appellant.
Matthew M. Collette for appellee.

_____

January 10, 2002
_____

**Per Curiam**.  Luis Santana-Mendoza is a dairy farmer who, acting in concert with others, adulterated milk by adding salt and water.  The milk he adulterated was dumped into tanker trucks which delivered the milk to processing plants.  When it reached the plants, the milk was then added to large silos; all of the milk in the silos was adulterated as a result.  The milk from the silos was then distributed into interstate commerce for purchase and consumption.  Santana-Mendoza pleaded guilty to conspiracy to deliver adulterated food for introduction into interstate commerce, in violation of 21 U.S.C. §§ 331(a), 333(a)(2), and 18 U.S.C. § 371.

In calculating the loss caused by the defendant's scheme for a sentencing enhancement under U.S.S.G. § 2F1.1(b)(1), the district court adopted as the relevant volume of contaminated milk the total amount of milk in the tanker trucks that collected milk from Santana-Mendoza's farm.  In doing so, the court rejected the government's contention that the loss should be measured on the basis of all the milk contained in the silos, and also rejected the defendant's assertion that the loss should be calculated on the basis of the amount of water added to the milk.  This resulted in a final offense level of 13, for which the district court imposed a sentence of 12 months' imprisonment, a fine of $3,000, and a supervised release term of 3

years.  Santana-Mendoza here appeals the district court's calculation of loss, reasserting his contention that the relevant volume in figuring loss under § 2F1.1(b)(1) was the amount of water which he caused to be added to the silos.

Our recent decision in United States v. Gonzalez-Alvarez, No. 00-2180, is dispositive of this issue.  The relevant volume of milk for the purpose of calculating loss under the Guidelines was the entire supply of contaminated milk in the silos.  Because the government did not cross-appeal in this case, however, we decline to remand for resentencing.

AFFIRMED.